[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
During the course of the defendant's jury trial on a charge of Escape First Degree, in violation of G.S. § 53a-169, the court ruled that the defendants offer of proof was inadequate to put before the jury evidence pertaining to a necessity defense. The court stated the basis for its ruling generally, on the record, and articulates that decision further in this memorandum.
The state alleges that the defendant, on October 9, 1991, was confined at the Brooklyn Community Correctional Center awaiting sentencing for murder and escaped from that facility. Before evidence began the state filed a motion in limine requesting that the court require the defendant to submit an offer of proof preliminary to presenting evidence before the jury concerning a necessity defense. The defendant also filed a motion asking the court to adopt that procedure. The defendant's motion was drafted by the defendant himself and offered to the court through his specially-appointed public defender. Because both sides were requesting the same thing, neither side objected to the others motion. The court granted both motions as to the offer of proof procedure and ordered defense counsel to prepare an offer of proof pertaining to the necessity defense for submission at the beginning of the defense case. After the state rested, outside the presence of the jury, the court heard this offer of proof comprising defense counsel's representations as to the expected testimony of certain witnesses and the sworn testimony of the defendant.
The common-law defense of necessity is available to answer a charge of escape. State v. Woods, 23 Conn. App. 615, 620 (1990). The criteria first set forth in the California case of People v.Lovercamp, 43 Cal.App.3d 826 (1975), is the proper test regarding invocation of this defense. Id. The necessity defense is an affirmative defense, State v. Brelsford, 24 Conn. App. 287,288 (1991); thus, the defendant is obliged to prove each criterion under Lovercamp by a preponderance of the evidence.State v. Ortiz, 217 Conn. 648, 670 (1991).
Under the Lovercamp test, in order to establish a necessity CT Page 4697 defense to an escape charge, a defendant must prove each of the following circumstances:
(1) the prisoner was faced with a specific threat of death, forcible sexual attack, or substantial bodily injury in the immediate future;
(2) there was no time for a complaint to the authorities or there existed a history of futile complaints making resort to such complaints illusory;
(3) there was no time or opportunity to resort to the courts;
(4) no force or violence was used towards prison personnel or other innocent persons in the escape; and,
(5) the prisoner immediately reported to the proper authorities when he attained a position of safety from the immediate threat.
These criteria are evaluated by an objective standard rather than the subjective beliefs of the defendant. State v. Varszegi,236 Conn. 266, 285 (1996).
Regarding the offer of proof, including the defendant's testimony, most favorably to the defendant, the proffered evidence fails, as a matter of law, to set forth a necessity defense to the escape charge. The favorably-viewed evidence shows that a private investigator, named John Bell, had threatened to shoot the defendant before he was arrested or held on the murder charge. After arrest and while the defendant was detained in pretrial confinement at the Montville correctional institution, the defendant was assaulted by another, unnamed inmate. In September 1991, the defendant was transferred to the Brooklyn correctional facility. The defendant believed himself safe at this institution until an unknown correctional officer relayed a message to the defendant from Bell that the defendant was "not untouchable" at the Brooklyn facility. The defendant never reported this message to any authority. Shortly thereafter, the defendant joined an escape plan devised by two other inmates and fled the correctional institution. Once outside of jail, the defendant called the New London Police Department and told someone at that department that he would turn himself in on condition that Bell be present at the police station. The defendant was arrested years later in New York on unrelated CT Page 4698 charges and extradited to Connecticut.
The court holds that no rational trier-of-fact could conclude, by a preponderance of the evidence, that the defendant had no time to complain to authorities after the message from Bell or that such a complaint would have been futile. The threat was a message from someone outside the prison that the defendant was vulnerable to some future harm even though confined at the Brooklyn facility. No evidence of impending attack was offered. The fact that the messenger was a correctional officer was cause for alarm but does not negate the reasonable opportunity to report the incident to other officers and their superiors. As a matter of law, the second criterion of Lovercamp is lacking.
Also, the proffered evidence demonstrates no immediate reporting to proper authority as required by the fifth component of the Lovercamp test. Phoning the New London police to negotiate a return to custody if the defendant's conditions were met hardly qualifies as immediate reporting to proper authority. No evidence was proffered that the defendant ever surrendered voluntarily to Connecticut authorities.
Because the offer of proof is insufficient to set forth a necessity defense, no evidence pertaining to that defense was material or admissible.
Sferrazza, J.